Clf\gay-nco\pleadings\gay-nco complaint6/15/2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE D. GAY, on behalf of herself and all others similarly situated, 307 Bald Eagle Way Middletown, DE 19709<br>　　　　　　　　　　Plaintiff<br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC. 507 Prudential Road Horsham, PA 19044<br>　　　　　　　　　　Defendant | CIVIL ACTION<br><br><br>NO.<br><br><br>CLASS ACTION |

## COMPLAINT

**I.    INTRODUCTION**

　　　　1.　　This is a consumer protection class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, (hereinafter "FDCPA" or "Act"). Plaintiff, individually and on behalf of all other consumers similarly situated, seeks damages and other relief against the defendant debt collector for its use of deceptive and unfair debt collection practices. Defendant NCO Financial Systems, Inc. has sent out form collection notices demanding payment of interest on accounts which admittedly do not bear interest. Defendant's collection tactics violate the FDCPA, including the prohibition against using false, deceptive and misleading statements in connection with the collection of a consumer debt. 15 U.S.C. §1692e

**II.    JURISDICTION**

　　　　2.　　Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k, actionable through 28 U.S.C. §§1331 and 1337.

1

### III. **PARTIES**

3. Plaintiff, Renee D. Gay ("Plaintiff"), is an adult individual residing at 307 Bald Eagle Way, Middletown, DE 19709.

4. At all times material hereto, Plaintiff, and each member of the class she seeks to represent, was a "consumer" as that term is defined in section 1692a(3) of the Act.

5. Defendant NCO Financial Systems, Inc., ("NCO" or "Defendant") is a Pennsylvania corporation with a principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6. The principal purpose of Defendant is the collection of consumer debts alleged to be due another.

7. NCO regularly uses the mail and telephone to attempt to collect consumer debts alleged to be due another.

8. NCO is a "debt collector" as that term is defined in the FDCPA, 15 U.S.C. §1692a(6).

### IV. **FACTUAL ALLEGATIONS**

9. At all pertinent times hereto, Defendant NCO was hired by Capital One to collect a debt relating to consumer credit card purchases that were allegedly owed to Capital One.

10. The debt at issue arose out of alleged transactions which were primarily for personal, family or household purposes.

11. On or about June 27, 2005, Defendant wrote and sent to Plaintiff by U.S. mail a collection letter (the "June 27 Letter") seeking payment of a Capital One account alleged due. The June 27 Letter demanded payment as follows:

> CREDITOR: CAPITAL ONE
> ACCOUNT #: XXXX9682
> PRINCIPAL: $ 536.62
> **INTEREST: $ 302.32**
> **INTEREST RATE: 0.000%**
> COLLECTION CHARGE: $ 0.00
> OTHER FEES: $ 0.00
> TOTAL BALANCE: $838.94

(Emphasis added). A true and correct copy of the June 27 Letter is attached hereto as Exhibit A and is incorporated herein (redacted for privacy).

12. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading means in connection with the collection of any debt, including falsely representing the character, amount, or legal status of a debt claimed due. 15 U.S.C. §1692e and §1692e(2)(A).

13. The June 27 Letter misrepresents the character, status or amount of the debt(s) and otherwise causes confusion to the consumer.

14. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt, including the collection of an amount which is not expressly authorized by the agreement creating the debt or permitted by law.

15. The June 27 Letter was false, deceptive, misleading and unfair in that it disclosed that the debt carried an interest rate of "0.000%", but nonetheless demanded payment of a liquidated sum of interest.

3

16.  15 U.S.C. §1692g requires a debt collector to provide a Validation Notice in its initial communication, or within five days of its initial communication, with a consumer.

17.  The Section 1692g Validation Notice contains important statutory rights for the benefit of the consumer, including the requirement that the debt collector accurately state the amount of the debt claimed due.

18.  The June 27 Letter does not accurately state the amount of the debt claimed due.

19.  At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

20.  Defendant's conduct violated sections 1692e, 1692e(2)(A), 1692f and 1692g(a) of the FDCPA, as evidenced by the following conduct:

(a)  Using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt, in violation of section 1692e of the FDCPA;

(b)  Falsely representing the character, amount or legal status of the alleged debt, in violation of section 1692e(2)(A) of the FDCPA;

(c)  Using unfair or unconscionable means to collect or attempt to collect the alleged debt, in violation of section 1692f of the FDCPA; and

(d)  Failing to provide a written notice containing the accurate amount of the alleged debt, as required by section 1692g(a)(1) of the FDCPA.

## V.   CLASS ALLEGATIONS

21.  Plaintiff brings this action on her own behalf and on behalf of a class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

22.  Plaintiff proposes to define a class (the "Class") as:

    a.  All persons with addresses in the State of Delaware;

    b.  to whom collection letters were sent by NCO Financial Systems, Inc.;

    c.  in an attempt to collect a debt incurred primarily for personal, family, or household purposes;

    d.  in which NCO demanded payment of a sum of interest while stating an interest rate of 0.00%;

    e.  within one year of the filing of this Complaint.

23.  The Class is believed to be so numerous that joinder of all members is impractical. The Complaint concerns mass-produced form collection letters.

24.  There are questions of law or fact common to the Class. These include whether Defendant violated:

    a.  15 U.S.C. §1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt;

    b.  15 U.S.C. §1692e(2)(A) by falsely representing the character, amount or legal status of the alleged debt;

    c.  15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect the alleged debt;

   d. 15 U.S.C. §1692g(a)(1) by failing to provide a written notice containing the accurate amount of the alleged debt; and

   e. the FDCPA by charging and collecting sums not due and collectible.

25. Plaintiff's claims are typical of the Class. All are based on the same factual and legal theories.

26. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests antagonistic to those of the class and Plaintiff's counsel is competent and experienced in consumer credit cases and class actions.

27. The questions of law or fact common to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Class members are consumer debtors, who may be unable to locate or afford to hire lawyers. Most are probably unaware that their rights, and the FDCPA, have been violated.

28. The Class may be certified under Fed.R.Civ.P. 23(b)(3), as such represents a superior method for the fair and efficient adjudication of this controversy in that:

   a. Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute by private attorneys general. 15 U.S.C. §1692k.

   b. Most of the Class members are not aware of their rights and have no knowledge that their rights are being violated by illegal collection practices. Indeed, the essence of Defendant's collection efforts is the deception of consumers.

  c. The interest of Class members in individually controlling the prosecution of separate claims against debt collectors is small because the maximum statutory damages available in an individual action under the Act is $1,000.00.

  d. This Delaware-only class action is likely to be easily manageable.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

29. The Defendant, by sending collection notice(s) to Plaintiff and the members of the Class, has violated:

  a. 15 U.S.C. §1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt;

  b. 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount or legal status of the alleged debt;

  c. 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect the alleged debt; and

  d. 15 U.S.C. §1692g(a)(1) by failing to provide a written notice containing the accurate amount of the alleged debt.

**WHEREFORE**, Plaintiff Renee Gay, prays that this Court certify the Class and enter judgment for Plaintiff and the class members:

  a. Awarding damages to Plaintiff and to the Class as provided for in 15 U.S.C. §1692k(a);

  b. Awarding Plaintiff and the Class their costs and reasonable attorney's fees; and

  c. Granting such other relief as may be deemed just and proper.

## VII. JURY DEMAND

Pursuant to Fed.R.Civ.P. 38, Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

/s/ David P. Cline

DATE: 06/21/2006

DAVID P. CLINE
Attorney for Plaintiffs and the Class

1300 N. Market Street, Suite 700
Wilmington, DE 19801
(302) 529-7848

*Of Counsel:*

CARY L. FLITTER
THEODORE E. LORENZ
LUNDY, FLITTER, BELDECOS & BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0782

DAVID A. SEARLES
DONOVAN SEARLES, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 732-6067

*EXHIBIT "A"*

PO Box 41417
DEPT 61
Philadelphia, PA 19101



Calls to or from NCO Financial Systems, Inc. may be monitored or recorded for quality assurance.

RENEE D GAY
307 BALD EAGLE WAY
MIDDLETOWN, PA 19709-4112
         /DE

# NCO FINANCIAL SYSTEMS INC

507 Prudential Road, Horsham, PA 19044

1-888-899-5952
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
Jun 27, 2005

CREDITOR: CAPITAL ONE
ACCOUNT #:
PRINCIPAL: $ 536.62
INTEREST: $ 302.32
INTEREST RATE: 0.000%
COLLECTION CHARGE: $ 0.00
OTHER FEES: $ 0.00
TOTAL BALANCE: $838.94

The named creditor has placed this account with our office for collection. It is important that you forward payment in full.

If you choose not to respond to this notification, we will assign your account to a collector with instructions to collect the balance.

To assure proper credit please put our internal account number BII473 on your check or money order and enclose the lower portion of this letter with your payment. If you need to speak to a representative contact us at 1-888-899-5952.

Returned checks will be subject to the maximum fees allowed by your state.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Account # | Total Balance |
|---|---|
|  | $ 838.94 |

RENEE D GAY
Payment Amount

$           .

Check here if your address or phone number has changed and provide the new information below.

Make Payment To:

NCO FINANCIAL SYSTEMS
PO BOX 8148
PHILADELPHIA PA 19101-8148

NCO A
6132

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GAY, RENEE D., On behalf of herself and all others similarly situated.

**DEFENDANTS**
NCO FINANCIAL SYSTEMS, INC.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant NEW CASTLE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known) Cline, Esquire
David P. Cline, Esquire
1300 N. Market Street, Suite 700
Wilmington, DE 19801    (302)529-7848

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692 et. seq.

Brief description of cause:
Fair Debt Collection Practice Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  06/22/2006
SIGNATURE OF ATTORNEY OF RECORD
/s/David P. Cline (#2681) David Cline, Esq (2681)
Digitally signed by David Cline, Esq (2681)
DN: cn=David Cline, Esq (2681), c=US,
email=DavidCline@Mylawman.com
Date: 2006.06.21 14:10:44 -04'00'

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____