IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE D. GAY, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.<br><br>Defendant. | )<br>)<br>)<br>)  CASE NO. 06-cv-00398<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO COMPLAINT

NOW COMES defendant, NCO Financial Systems, Inc. ("NCO"), and in Answer to the plaintiff, Renee D. Gay, respectfully avers:

### I.   INTRODUCTION

1.   NCO admits plaintiff purports to bring this class action complaint pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, but denies any liability or wrongful conduct as alleged in ¶ 1 and denies this suit meets the requirements for class action.

### II.   JURISDICTION

2.   NCO admits plaintiff purports to assert jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§1331 and 1337, but denies any liability or wrongful conduct to the extent alleged in ¶ 2.

### III.   PARTIES

3.   NCO is without sufficient knowledge or information to form a belief in the truth of the allegations contained in ¶ 3, which has the effect of a denial.

4.   NCO is without sufficient knowledge or information to form a belief in the truth of the allegations contained in ¶ 4, which has the effect of a denial.

5.   NCO admits the allegations in ¶ 5.

6.   NCO admits it is engaged in the business of debt collection. Except as specifically admitted, NCO denies the allegations in ¶ 6.

7.   NCO admits the allegations in ¶ 7.

8.   NCO admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection efforts may be subject to provisions of the FDCPA. Except as specifically admitted, NCO denies the allegations in ¶ 8.

### IV.   FACTUAL ALLEGATIONS

9.   NCO admits that Capital One placed an account in plaintiff's name with NCO for collection on June 24, 2005. Except as specifically admitted, NCO denies the allegations in ¶ 9.

10.   NCO is without sufficient knowledge or information to form a belief in the truth of the allegations contained in ¶ 10, which has the effect of a denial.

11.   NCO admits that its records document a letter of the type identified as Exhibit A, was sent to plaintiff on June 27th, 2005, and refers to the original letter, said document being the best evidence of its contents. Except as specifically admitted, NCO denies the allegations in ¶ 11.

12.   NCO admits only the existence of the statute, but denies any liability or wrongful conduct to the extent alleged in ¶ 12. NCO refers all questions of law to the Court.

13. NCO denies the allegations in ¶ 13.

14. NCO admits only the existence of the statute, but denies any liability or wrongful conduct to the extent alleged in ¶ 14. NCO refers all questions of law to the Court.

15. NCO denies the allegations contained in ¶ 15, and submits that the letter is the best evidence of its contents.

16. NCO admits only the existence of the statute, but denies any liability or wrongful conduct to the extent alleged in ¶ 16.

17. NCO admits only the existence of the statute, but denies any liability or wrongful conduct to the extent alleged in ¶ 17.

18. NCO denies the allegations in ¶ 18.

19. NCO denies the allegations in ¶ 19.

20. NCO denies the allegations in ¶ 20, including each subpart.

## V.    CLASS ALLEGATIONS

21. NCO admits plaintiff purports to bring a class action as alleged in ¶ 21, but denies the allegations and denies that this suit meets the requirements for class action.

22. NCO denies the allegations in ¶ 22, and further denies that this suit meets the requirements for a class action.

23. NCO denies the allegations in ¶ 23, and further denies that this suit meets the requirements for a class action.

24. NCO denies the allegations in ¶ 24, and further denies that this suit meets the requirements for a class action.

25. NCO denies the allegations in ¶ 25, and further denies that this suit meets the requirements for a class action.

26. NCO denies the allegations in ¶ 26, and further denies that this suit meets the requirements for a class action.

27. NCO denies the allegations in ¶ 27, and further denies that this suit meets the requirements for a class action.

28. NCO denies the allegations in ¶ 28 and each of its subparts, and further denies that this suit meets the requirements for a class action.

### COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

29. NCO denies the allegations in ¶ 29.

AND NOW, in further Answer to the Complaint, defendant avers as follows:

### FIRST AFFIRMATIVE DEFENSE

30. The Complaint fails to state a claim against defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

31. Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

- 5 -

WHEREFORE, defendant, NCO FINANCIAL SYSTEMS, INC., respectfully requests that this Answer be deemed good and sufficient, that plaintiff's lawsuit be dismissed, with prejudice, at plaintiff's cost, that pursuant to federal and state law, plaintiff be ordered to pay reasonable attorney's fees and costs for NCO, and for all other general and equitable relief.

HECKLER & FRABIZZIO

/s/ Miranda Clifton
Miranda D. Clifton, Esq. (#4081)
HECKLER & FRABIZZIO
800 Delaware Ave., Suite 200
P. O. Box 128
Wilmington, DE 19899-0128
Telephone: (302) 573-4800
mclifton@hfddel.com
Attorney for Defendant,
NCO Financial Systems, Inc.

| | |
|---|---|
| RENEE D. GAY, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC.<br><br>    Defendant. | ) C. A. No.   06-398 (KAJ)<br>)<br>) ARBITRATION<br>)<br>)<br>)<br>) TRIAL BY JURY OF 12<br>) DEMANDED<br>) |

## CERTIFICATE OF SERVICE

I, Miranda D. Clifton, Esquire, hereby certify that on the 25th day of August 2006 two true and correct copies of Defendant's Answer to Complaint were forwarded to the individual listed below via first class mail:

    David P. Cline, Esquire
    David P. Cline, PA
    1300 N. Market Street, Suite 700
    Wilmington, DE  19801

    David A. Searles
    Donovan Searles, LLC
    1845 Walnut Street, Suite 1100
    Philadelphia, PA  19103

    Cary L. Flitter, Esquire
    Theodore E. Lorenz
    Lundy, Flitter, Beldecos & Berger, P.C.
    450 N. Narberth Avenue
    Narberth, PA  19072

                                                HECKLER & FRABIZZIO
                                                /s/ Miranda D. Clifton
                                                MIRANDA D. CLIFTON, I.D. #4081
                                                The Corporate Plaza
                                                800 Delaware Avenue, Suite 200
                                                P.O. Box 128
                                                Wilmington, DE 19899-0128
Date:  August 25, 2006                            **Attorney for Defendant**